Good morning, your honors. John Heenan on behalf of Jeremiah Stewart. Your honors, when the TP convenience store was robbed in August of 2006, a toy gun was bagged and put into evidence, a bloody rag was recovered, it too was bagged and put into evidence, and there they sat in bags for two years. When Mr. Stewart was indicted they had never been taken out of the bags. Mr. Stewart, as is right, declared that he wanted to go to trial within 70 days and didn't file any motions, didn't request any continuances. On the eve of trial, the government moved over Mr. Stewart's objection and dismissed the case. Well, just prior to trial you'd put in a notice of an alibi defense. Mr. Stewart put in a notice of alibi within the time frame established by the district court. The government was free to explore, which it did, the viability of the alibi defense. Ultimately, Mr. Stewart's, and I think would have come out in the first trial, the alibi witness would have said that he fell asleep at some point prior to the convenience store being robbed. The district court noted that Mr. Stewart was prepared for trial and the government was not. That's excerpt of record 3-6. So the government essentially shut it down, conducted the forensic evidence, testing that it's our contention they should have done before they indicted him in the first place for six months. They investigated, then they recharged Mr. Stewart. In the process they violated his Speedy Trial Act rights. The district court so found that his Speedy Trial Act rights were violated and chose to dismiss the case without prejudice. We concede that robbery is a serious offense. There's no allegation of bad faith on the government's part. The argument that we're making here that we made with both the district courts that I think frankly weren't addressed by either of them, Mr. Stewart suffered the ultimate prejudice because it's my strong contention and I don't think the government largely disputes that he would have won had that case gone to trial in the first place. You're challenging the Rule 48 dismissal then? Correct. Challenging. That the district court abused its discretion in granting the Rule 48. In dismissing the case under the Speedy Trial Act without as opposed to with prejudice. Well no. So the case was first filed, set for trial. Correct. Right before trial, defense gives notice of an alibi defense, right? Correct, Your Honor. Government comes back and says we'd like to dismiss this case under Rule 48. No Speedy Act, no Speedy Trial Act violation at that point, correct? That's correct, Your Honor. That's not a basis. The district court listened to the excuse why the government needed a delay of the trial and granted it. Correct, Your Honor. And dismissed the case on the government's request without prejudice. We're not appealing the Rule 48. Now are you challenging that in any way? No, Your Honor. I apologize for the confusion. We are not appealing. So the Speedy Trial Act, the clock stopped. The clock stopped. Right, and the government comes back, does its investigation and refiles. Correct. And it started again. Under the Hoslett decision, the clock started on Day 61 as opposed to Day 1. Right. And so 35 days went past. Now we're in the day 90 or 100 and Mr. Stewart moves to dismiss on Speedy Trial grounds. Does it make any difference to the analysis that a second defendant was added in When Mr. Stewart filed the Speedy Trial Act motion to dismiss, the government solely contended that it was entitled to do it because of this new co-defendant. The district court correctly in applying the Hoslett case, 1993 out of this court, found that the clock didn't start over. And that's not an issue on appeal. The government hasn't cross-appealed. So now we're at this Speedy Trial Act violation and the district court sets forth its reasons why it didn't think dismissal with prejudice was appropriate. So now why, why, why was that an abusive discretion? Because, because. And you're not, you're not claiming that there was any bad faith on the part of the government. We're not, Your Honor. The sole claim here is, frankly, it was a shoddy investigation prior to filing the indictment. And when the government got called to task on it, they were allowed to basically pull back, do the investigation they should have done in the first place, and then refile when they had their ducks in a row. The district court, in granting the dismissal without prejudice, gave them a pass. And I understand the court, it's, it's an abusive discretion standard. But our argument here is, the district court, the, Judge Siebel said, well, the defendant has raised prejudice because he thinks he would have won, but there's no harassment. And that's not the standard. Prejudice is a separate factor that the court should have examined. And, and Judge Siebel said, well, Mr. Stewart says there's prejudice because he would have won if the case had gone to trial, but the government wasn't harassing, so no, so it's a non-issue. I'm, I think it is an issue. You say you're prejudiced because you don't think the government could have proved its case beyond a reasonable doubt. That's, and, you know, frankly, Your Honor. Is that, is that, is that prejudice? I think it's the ultimate prejudice, Your Honor. I, I mean, the government, and solely the government, gets to decide when they're going to indict a defendant. They, you know, it can be a week after the crime, a year, four years later. They waited two years, they filed the indictment against Mr. Stewart. Mr. Stewart examined the evidence that they had against him, and he said, and he said confidently, let's go to trial, because I think I'm going to be acquitted. And the government blinked, and got their ducks in a row, and then came back, and ultimately was able to prove the case. But, and I think, Your Honors, that what's critical is, I wouldn't be here making this argument if this were new evidence that were discovered. You know, if they had indicted Mr. Stewart, and then they found the rag in the alley, and, and then they wanted to dismiss and, and add in, and do the forensic testing, but it's, it's my, it's, the problem I have here. Is they had, for two years, the opportunity to examine this evidence, and they chose not to. They chose to rely on two eyewitnesses, and, and they thought that was good enough. And when Mr. Stewart put him, put him to task, then they decided it wasn't good enough. Okay, I'd be happy to answer any further questions the court might have. Thank you. I'll turn it over. Thank you. Good morning again, Your Honors. May it please the court. Again, I'm Carl Rosted from our Great Falls office, standing in for Assistant US Attorney Lori Silk, who was both trial counsel and wrote the appeal brief. She had trial today, and when the case was moved from yesterday, she was unable to attend. First of all, we'd point out, it, it seems to, to the United States that what the defendant is arguing is, his prejudice is, is that he's a guilty person who lost his opportunity to get off because he was denied the ability to go to trial on a flimsy alibi that ultimately proved, you know, frivolous or faulty. And insufficient to, to gain his acquittal because after we went back into DNA evidence, it all fell apart. There is no question that the case could have been better investigated, more promptly investigated, but that isn't the issue before the court. The issue before the court is whether the defendant suffered any prejudice by the delays. The case was brought, both all times that it was indicted, well within the statute of limitations. The case was, was brought as expeditiously as it could be brought, based on after the alibi defense was raised, the additional evidence needed to be sought. It took, took a while to get that accomplished, but Ms. Zook was certainly not derelict, or the government wasn't derelict. Even the investigative stage went through fairly quickly, once the case had been dismissed in the first instance. And it's certainly the prerogative of the prosecution, as it is to bring an indictment in the first place, to discontinue its prosecution at any time before a jeopardy is attached. We would argue, Judge Graber, that there is still a viable position that Judge Siebel was wrong in dismissing this case on a speedy trial act violation. We still take the position that because of the co-defendant and the lack of a severance, that there was no speedy trial act violation in the first instance, there's no, it wasn't right for us to cross appeal that because we ultimately won. And that's, in other words, you can't appeal when you win, even if you disagree with the grounds upon something, that error in the process. So I don't believe that the court should overlook the fact that we still take the position that the case should have never been dismissed a second time, at the counsel's request on a speedy trial act allegation. If the court has no questions, I'll leave for the court to consider Ms. Zook's brief, which I think was pretty well done, and thank the court for its time. Thank you, counsel. If there's no further argument, the case is argued will be submitted.
judges: Reinhardt, Graber, Paez